OPINION
This matter presents a timely appeal from a judgment rendered by the Carroll County Common Pleas Court granting the motion for summary judgment of defendants-appellees, Timothy D. Heavlin,et al., against plaintiff-appellant, Callie Stevenson.
On October 1, 1995, at approximately 1:00 a.m., Christopher Wagner (Wagner) and appellant were in the downtown area of the Village of Carrollton, Ohio. A friend of Wagner's had lent him the key to his motorcycle. Officer Timothy Heavlin (Officer Heavlin), a Carrollton police officer, was assisting with emptying parking meters when he saw Wagner and appellant approach the motorcycle. Officer Heavlin warned Wagner not to operate the motorcycle unless his driving privileges had been reinstated.
After other unsuccessful attempts to obtain a ride home, Wagner and appellant approached the motorcycle again. They both got on the motorcycle, Wagner as driver and appellant seated behind him. Officer Heavlin observed this and pulled behind Wagner at a red light at the intersection of Lisbon and Main Street. Officer Heavlin activated the overhead lights of his cruiser. As Officer Heavlin began to exit his vehicle and approach the motorcycle, Wagner accelerated away.
Officer Heavlin pursued Wagner south on State Route 332. The pursuit continued on State Route 332 as they proceeded outside the village limits at speeds reaching between 65 to 70 miles per hour. Wagner then turned onto State Route 164. As the pursuit continued on State Route 164, Wagner began to go left of center as they went into a downhill, right hand turn. The motorcycle continued across the road crashing into a guardrail. Appellant hit the guardrail and was thrown aside. Officer Heavlin began to brake, but was unable to stop his cruiser before running over Wagner and crashing into the motorcycle and guardrail. Officer Heavlin exited his cruiser and discovered Wagner underneath. Wagner was pronounced dead at the scene. Appellant suffered internal injuries, a compound fracture of the arm, contusion above the right eye, fractured pelvis, broken back, severed ligaments in the left knee and a broken left ankle. Appellant thereafter filed a complaint against Officer Heavlin and the Village of Carrollton.
Appellees filed a motion for summary judgment on February 12, 1998. Appellant responded with a motion in opposition on March 11, 1998. On May 11, 1998, the trial court granted appellees' motion for summary judgment. This appeal followed.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN GRANTING, ON ALL COUNTS, APPELLEES' MOTION FOR SUMMARY JUDGMENT."
The trial court's granting of summary judgment was based upon a belief that both the Village of Carrollton and Officer Heavlin were immune from liability under R.C. Chapter 2744. Appellant presents four issues under her assignment of error in support of her argument that the trial court erred in granting summary judgment. These issues included, whether issues of fact existed as to the Village of Carrollton's immunity from liability; whether issues of fact existed as to whether Officer Heavlin was responding to an emergency call; whether issues of fact existed as to the potential willful or wanton misconduct of Officer Heavlin; and whether Officer Heavlin's conduct was a bar to the grant of summary judgment. This court has previously considered and decided the issues presented by appellant. Estate of Wagner v.Heavlin, et al. (February 14, 2000), Carroll App. No. 704, unreported.
First, it must be determined whether the Village of Carrollton faced any potential liability for appellant's injuries. Appellant's first, second and third issues are relevant to this inquiry. R.C. 2744.02 (A) (1) granted immunity to the Village for any potential liability. However, under R.C. 2744.02 (B) (1) this liability was lost if injury resulted from the negligent operation of a motor vehicle by an employee of the political subdivision during the scope of their employment and authority. R.C.2744.02 (B) (1) (a) provides full defenses to a political subdivision if, "A member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct." This court previously held that no genuine issues remained concerning the issue of whether Officer Heavlin was responding to an emergency call.Heavlin, supra. However, this court held that genuine issues of material fact remained as to whether Officer Heavlin's conduct fell to a willful or wanton standard. Heavlin, supra. Based upon the foregoing, this court further held that genuine issues of material fact remained concerning the potential liability of the Village of Carrollton. Heavlin, supra. Given this court's previous holding in Heavlin, supra, the trial court erred in granting appellant's motion for summary judgment concerning the potential liability of the Village of Carrollton.
Next, it must be determined whether Officer Heavlin faced any potential liability for appellant's injuries. Appellant's fourth issue is relevant to this inquiry. R.C.2744.03 (A) (6) provides immunity to an employee of a political subdivision so long as the employee's actions were not done with malicious purpose, in bad faith or in a wanton or reckless manner. This court previously held that genuine issues remained concerning whether Officer Heavlin's actions amounted to willful or wanton misconduct. Heavlin, supra. This court also held that genuine issues of material fact remained as to whether Officer Heavlin faced potential liability. Heavlin, supra. Based upon this court's previous holding in Heavlin, supra, the trial court erred in granting appellant's motion for summary judgment concerning Officer Heavlin's potential liability.
Lastly, appellees argue that Wagner's actions were the proximate cause of appellant's injuries. However, this court has previously held that neither Wagner nor appellant were third parties to the accident and that, "* * * their presence was not `too remote to create liability until the officer's conduct becomes extreme.'" Heavlin, supra. Therefore, appellees' proximate cause argument is not well taken.
Based upon this court's previous holding in Heavlin,supra, the trial court erred in granting appellees' motion for summary judgment.
Appellant's sole assignment of error is found to be with merit.
The judgment of the trial court is reversed and this matter is remanded for further proceedings in accordance with the law and consistent with this opinion.
Vukovich, J., concurs. Waite, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE